Filed 6/25/13  P. v. Hidalgo CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047998 |
| v. | (Super. Ct. No. 95CF0222) |
| JOSE RENE HIDALGO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Jose Rene Hidalgo appeals from the order denying his petition to recall his 35-year-to-life sentence pursuant to the procedures set forth under Penal Code section 1170.126, added by Proposition 36, the Three Strikes Reform Act of 2012. (All further statutory references are to the Penal Code unless otherwise specified.) We appointed counsel to represent Hidalgo on appeal. Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed appellate counsel suggests we consider whether Hidalgo's petition was properly denied. This court provided Hidalgo 30 days to file written argument on his own behalf. The 30-day time period has passed, and Hidalgo has not filed anything on his own behalf.

We have examined the entire record and appointed appellate counsel's *Wende/Anders* brief; we find no arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

In 1995, a jury found Hidalgo guilty of committing one count each of first degree residential burglary in violation of sections 459, 460, subdivision (a), and 461.1; petty theft with a prior conviction in violation of sections 666 and 484, subdivision (a) through 488; and unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a). The trial court found Hidalgo suffered three prior serious felonies within the meaning of section 667, subdivision (a)(1). The court imposed a total prison term of 90 years to life, by imposing a 25-year-to-life term for each of Hidalgo's three offenses, plus a consecutive term of 15 years for prior conviction enhancements.

A panel of this court affirmed Hidalgo's judgment of conviction, but reversed the sentence and remanded the case for resentencing with directions that the trial court exercise its discretion in determining whether it should strike Hidalgo's prior

convictions for purposes of sentencing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.[1]  On remand, the trial court reduced Hidalgo's prison sentence to a total term of 35 years to life, by imposing a 25-year-to-life term for the first degree burglary offense and ordering that the sentences imposed for the petty theft with a prior conviction and the unlawful driving or taking of a vehicle offenses (a two-year term each) run concurrently with the term imposed for the first degree burglary offense.  The court also struck one of the prior conviction enhancements for purposes of sentencing.

On November 14, 2012, Hidalgo filed a petition for recall of sentence pursuant to section 1170.126, subdivision (b).  The trial court denied his petition. Hidalgo appealed.[2]

DISCUSSION

In *People v. Hurtado*, *supra*, 216 Cal.App.4th at page 944, the appellate court recently explained:  "Proposition 36, also known as the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and went into effect the next day.  It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the 'third strike' offense is a serious or violent felony or the prosecution pleads and proves an enumerated factor.  (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)  [¶] Proposition 36 also created section 1170.126, which provides a procedure for resentencing 'persons presently serving an indeterminate term of imprisonment' under the Three Strikes law 'whose sentence under this act would not have been an indeterminate life sentence.'  (§ 1170.126, subd. (a).)  Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).)  *An inmate is eligible for such resentencing if none of his or her*

---

[1]  Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of *People v. Hidalgo* (June 17, 1997, G018573) (nonpub. opn.).

[2]  An order denying a petition to recall a sentence under section 1170.126 is appealable.  (*People v. Hurtado* (2013) 216 Cal.App.4th 941, 944-945.)

3

*commitment offenses constitute serious or violent felonies* and none of the enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)  Resentencing of eligible inmates may nonetheless be refused if the trial court, 'in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.126, subd. (f).)  Subdivision (g) of section 1170.126 sets forth several factors that a trial court may consider in exercising that discretion."  (Italics added.)

Here, Hidalgo's commitment offenses included a conviction for first degree burglary, which is a serious felony under section 1192.7, subdivision (c)(18).  Hidalgo was therefore not eligible for resentencing under section 1170.126, subdivisions (b) and (e).  We find no error.

DISPOSITION

The order is affirmed.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

4